UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZAKERY LUKAS, | CASE NO. C25-5198 MJP |
| Plaintiff, | ORDER DENYING MOTION TO REMAND |
| v. | |
| MIDDLESEX INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Zakery Lukas' Amended Motion to Remand. (Dkt. No. 9.) Having reviewed the Motion, the Response (Dkt. No. 11), the Reply (Dkt. No. 13), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Lukas was injured in a motorcycle crash caused by the negligence of another driver who fled the scene and was never identified. (Amended Complaint ¶ 2.1-2.9 (Dkt. No. 1-2).) Lukas then made a claim for underinsured motorist (UIM) benefits from his insurer, Defendant Middlesex Insurance Company. (Id. ¶ 2.10-2.11) Lukas alleges that Middlesex withheld UIM

1  benefits by undervaluing his claim and assigning 50% fault. (Id. ¶¶ 2.12-2.13.) Lukas filed suit in

2  Clark County Superior Court, pursuing breach of contract and both common law and statutory

3  extracontractual claims. (Id. ¶¶ 3-7.) Lukas filed in Clark County in compliance with a forum-

4  selection clause in the policy, which states:

5          If both Parties do not mutually agree to arbitration, then the insured person must file suit
          to recover the Uninsured Motorist Coverage benefits in Washington State Court in the
6          court of the insured person's residence or in the county in which the accident occurred.

7  (Declaration of Matthew J. Anderson Exhibit C at 3 (emphasis omitted) (Dkt. No. 8 at 12).)

8          Middlesex removed the action to this Court. Lukas has moved to remand on the theory

9  that the forum selection clause not only required him to file suit in Superior Court, but also bars

10  any removal of that action.

11                                    **ANALYSIS**

12  **A.      Legal Standard**

13          A defendant may remove an action filed in state court if the federal district court would

14  have had original jurisdiction over the action. 28 U.S.C. § 1441(a). As is relevant here, the Court

15  has diversity jurisdiction over matters involving completely diverse parties where the amount in

16  controversy exceeds $75,000. See 28 U.S.C. § 1332(a). The party seeking removal bears the

17  burden of establishing federal jurisdiction by a preponderance of the evidence. Durham v.

18  Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Guglielmino v. McKee Foods

19  Corp., 506 F.3d 696, 699 (9th Cir. 2007). Federal courts strictly construe the removal statute and

20  must reject jurisdiction if there is any doubt as to the right of removal in the first instance. See

21  Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014); Gaus v.

22  Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Any doubts as to the right of removal must be

23  resolved in favor of remanding to state court. See Durham, 445 F.3d at 1252.

24

**B.       The Court has Jurisdiction**

Although the Parties do not dispute or discuss subject matter jurisdiction, the Court separately reviews the issue <u>sua sponte</u>. <u>See</u> <u>Fort Bend Cnty., Texas v. Davis</u>, 587 U.S. 541, 548 (2019) (noting that the Court must consider subject matter jurisdiction <u>sua sponte</u> even if the parties do not raise any challenges to jurisdiction). The Court here finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The Parties here are completely diverse and the amount in controversy exceeds $75,000 given the amount of policy benefits Lukas seeks, his request for damages and treble damages, and his request attorneys' fees and costs. <u>See</u> 28 U.S.C. § 1332(a); (Am. Compl. ¶¶ 1.1, 1.2, 2.13; Prayer for Relief.)

**C.       No Flaw in Removal**

Rather than contest the Court's subject matter jurisdiction, Lukas contends that the forum selection clause in his insurance policy bars Middlesex from removing the action. The Court disagrees.

The primary flaw in Lukas' argument is the lack of any language in the policy preventing Middlesex from removing this action. The policy states that "the insured person must file suit to recover the Uninsured Motorist Coverage benefits in Washington State Court in the court of the insured person's residence or in the county in which the accident occurred." (Andersen Decl. Ex. C at 3 (emphasis omitted).) While this commands Lukas to file suit in a Washington State Court, it remains silent on whether Middlesex may or may not then remove an action to federal court if jurisdiction exists. And although a forum selection clause should "be given controlling weight in all but the most exceptional cases," the clause here does not preclude Middlesex from removal because it says nothing about removal or Middlesex's rights to remove. <u>Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas</u>, 571 U.S. 49, 59–60 (2013) (cleaned up). Without any

1  language barring Middlesex from removal, the Court does not find that this policy provision can

2  reasonably be read to prevent Middlesex from so doing.

3        In reaching this conclusion, the Court also rejects Lukas' argument that allowing removal

4  would violate the general principal that the policy is to be given the reasonable interpretation by

5  an average insurance purchaser. (See Reply at 1-5.) Under Washington law, the Court "will give

6  a policy a fair, reasonable and sensible construction as would be given by the average person

7  purchasing insurance." State Farm Fire & Cas. Co. v. Eng. Cove Ass'n, Inc., 121 Wn. App. 358,

8  363 (2004), as amended (June 8, 2004). But, "[a]t the same time, insurance is a contract" which

9  means that "[t]he unexpressed intention of one party is meaningless as to the mutual intention of

10 the parties." Id. (citation and quotation omitted). Here, the Court does not find that a fair,

11 reasonable, and sensible construction suggests to a policyholder that Middlesex could not

12 remove the action after it was commenced. That is because the policy says nothing about

13 Middlesex's obligations and rights with regard to removal. It focuses exclusively on where the

14 insured must file suit, making no mention of where the case might ultimately be litigated. The

15 Court does not find it reasonable to construe the complete silence on removal to mean that

16 Middlesex waived its right to removal by including a venue provision directed solely at the

17 insured. Nor does the Court find the provision ambiguous given that Lukas' proposed

18 interpretation—that Middlesex silently waived its removal right—is not reasonable. See id. ("An

19 insurance policy provision is ambiguous when it is fairly susceptible to two different

20 interpretations, both of which are reasonable."). There is therefore no ambiguity to construe in

21 Lukas' favor.

22       For these reasons, the Court DENIES the Motion.

23

24

## CONCLUSION

The Court does not find merit in Lukas' arguments that the policy's forum/venue provision prevents Middlesex from removal. The policy does not include a waiver of the right to remove, and the Court rejects Lukas' construction of the policy. The Court therefore DENIES the Motion, including its request for fees and costs.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 10, 2025.

Marsha J. Pechman
United States Senior District Judge